JOSEPH ZANZONICA, PLAINTIFF-RESPONDENT, v. MAMIE MILLER, DEFENDANT-APPELLANT, AND SIGISMONDO BALBISSARRO, DEFENDANT.

Submitted October term, 1930—Decided May 25, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *Anthony A. Calandra* (*Thomas F. Guthrie,* on the brief).

For the defendant-appellant, *Frank P. Padalino* (*Lintott, Kahrs & Young,* on the brief).

PER CURIAM.

This is an appeal from a judgment entered in the Essex County Circuit Court in a mechanics' lien action. The plaintiff, as contractor, sued the defendants as owners and builders. The notice of appeal states four grounds—first, that the judgment was unlawfully entered because there had been a lack

of the diligent prosecution required by the statute (section 18 of the Mechanics' Lien act, 3 *Comp. Stat., p.* 3305) ; second, that no notice of the filing of the report was given to the defendant pursuant to Rule 100 of this court; third, that no notice of confirmation of the referee's report was given; fourth, that the lien claim is for less than the amount of the judgment entered.

There were no exceptions taken.

As to the first point, the statute is not automatic. Had appellant desired to raise the question of lack of diligence she should have done so by appropriate procedure resulting in a court ruling, followed by exception or equivalent noted objection. Nothing of the sort is presented and we find that the point is not properly before us.

The second point lacks merit. Defendant's attorney had full knowledge. This is clear from his affidavit and from his correspondence, printed in the state of the case.

The third point seems not to be grounded in fact. Not only was the attorney of the defendant notified in advance of motion to confirm the referee's report but he was, according to the recitals in the order made by Judge Mountain on October 19th, 1929, physically in court, appearing for the defendant, on the occasion of the confirming of the report.

The summons in the action was served personally on both defendants. The *ad damnum* clause of the complaint names an amount greater than that of the judgment, and the complaint alleges the debt to be due from the defendants individually as well as a lien on the land. The judgment is for $1,100. Appellant contends that the lien claim was by its terms limited to $925. The lien claim is not printed in the case but respondent's brief concedes that the amount thereof was $925. Judgment specially against lands is under the statute and the statutory method leading thereto must be followed. But the judgment before us, as printed in the state of case, is a judgment generally against the defendants and is not special against the lands.

We find no cause for reversal. The judgment below will be affirmed, with costs.